IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH BENNEFIELD (235865), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:06-CV-307-MEF |
| ) | |
| OFFICER DELARIUS O'HARA ) | |
| and OFFICER NAKIA MORRIS ) | |
| ) | |
| Defendants. ) | |

**SPECIAL REPORT AND ANSWER**

Come now the Defendants, **Delarius O'Hara and Nakia Morris,** by and through the Attorney General for the State of Alabama, and file the following Special Report and Answer:

**ANSWER**

In answer to Plaintiff's allegations, Defendants state as follows:

1. Defendants deny Plaintiff's allegations and demand strict proof thereof.

2. Defendants deny that any of the Plaintiff's constitutional rights have been violated.

3. Defendants assert the affirmative defenses of sovereign and qualified immunity.

4. Defendants deny each and every material allegation not expressly admitted herein and demand strict proof thereof.

# SPECIAL REPORT

In accordance with the Court's order, the Defendants submit the following written report:

## *PARTIES*

1. The plaintiff, Joseph Bennefield, pleaded guilty to 1st and 2nd degree sodomy on May 27, 2004. (Exhibit A). Bennefield is currently serving his prison sentence at Bullock County Correctional Facility located in Union Springs, Alabama.

2. The defendant, Delarius O'Hara, is a Correctional Officer I with the Alabama Department of Corrections (ADOC) and is currently employed at the Bullock County Correctional Facility, located in Union Springs, Alabama.

3. The defendant, Nakia Morris, is a Correctional Officer I with the ADOC and is currently employed at the Bullock County Correctional Facility, located in Union Springs, Alabama.

## *EXHIBITS*

Defendants submit the following exhibits:

1. Exhibit A – Bennefield's Criminal Disposition record for case number CC-2004-000059.00
2. Exhibit B – Affidavit of Nakia Morris
3. Exhibit C – Affidavit of Delarius O'Hara

## PLAINTIFF'S ALLEGATIONS

According to Bennefield: "[O]n 2-5-06 at approximately 9:20 a.m. at Bullock State prison in Union Springs, AL [he] was thrown to the floor by Officer O'Hara and while [he] was on the floor curled up in a ball Officer O'Hara and Officer Morris kicked [him] in the face and head and beat [him] with their sticks. At no time did [he] resist or try to fight back. Even after the officers pulled them off [him] and handcuffed [him,] Officer O'Hara while [he] was on the floor handcuffed, . . . started kicking [him] again and the other officers again had to stop him. [He] thought he was going to die." (Bennefield's complaint, pg. 2)

## ARGUMENT OF FACT AND LAW

This Court should enter a summary judgment in favor of the Defendants on the grounds that: the Plaintiff's excessive force claim is meritless and the Defendants are protected by sovereign and qualified immunity.

### Statement of Facts

On February 5, 2006 at approximately 9:20 a.m., Officer Morris observed Inmate Bennefield approach Inmate Earl Forte in an aggressive manner. (Exhibit B) Inmate Bennefield pushed Forte and grabbed him by the neck. *Id*. Officer Morris called for assistance and, soon thereafter, Officer Delarius O'Hara arrived and offered assistance. *Id*. While Officer Morris was restraining Inmate Bennefield, Inmate Bennefield began to resist. *Id*. Officer Morris ordered Inmate Bennefield to stop resisting and Inmate Bennefield refused to stop resisting his detainment. *Id*. Inmate Bennefield drew back his closed fist to hit Officer Morris. *Id*. To defend herself, Officer Morris hit Inmate Bennefield on the thigh and buttock with her baton. *Id*. Inmate Bennefield continued to

kick and turn and, as a result, he hit his head and face on a grill gate. *Id*. While still resisting, Officers Kevin Jiles, Teresa Maldon, Brian Thompkins and Sergeant Specks arrived on the scene to offer assistance. *Id*. Sergeant Specks ordered that Inmate Bennefield be sprayed in the face with a chemical agent. *Id.* Officers Maldon and Jiles placed handcuffs on Inmate Bennefield and escorted him from the area. *Id.*

***Plaintiff's claims of excessive force are without merit.***

Claims of excessive force against inmates are governed by the Eighth Amendment's proscription of cruel and unusual punishment. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). To establish an Eighth Amendment claim of excessive force, the Plaintiff must prove that "'force was applied … **maliciously and sadistically for the very purpose of causing harm**.'" *Id., quoting* Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (emphasis added).

In this case, Officers Delarius O'Hara and Nakia Morris admit that they applied force to Inmate Bennefield. (Exhibits A and B) Officers O'Hara and Morris both have stated, however, that the force was applied in an attempt to restrain Inmate Bennefield and to prevent him from striking Officer Morris in the face with his closed fist.

Inmate Bennefield has produced no evidence that the force applied against him was done so maliciously and sadistically and, as a result, Bennefield's excessive force claim is without merit. *See* McBride v. Rivers, No. 05-13328, 2006 WL 622591, at *2 (Mar. 14, 2006) ("Prison officials did not use excessive force in violation of [the] inmate's Eight Amendment rights, even though, after securing and handcuffing him following a fight with another prisoner, they allegedly repeatedly punched him in the

4

back of his head, on his back, and on his left side, and kneed him four to six times on the left side of his face . . . [because] there was no evidence showing that their measures were taken maliciously and sadistically for the very purpose of causing harm.")

Because Inmate Bennefield has not shown that the force was applied for any other reason than to prevent him from fighting with Inmate Forte and striking Officer Morris, Inmate Bennefield's claim is without merit and his lawsuit is due to be dismissed. *See* McReynolds v. Ala. Dept. of Youth Services, 2006 WL 821203, at *6 (Mar. 28, 2006)("[A]bsent a showing of specific intent, the 'infliction of pain in the course of a prison security measure does not amount to cruel and unusual punishment . . .")

Furthermore, on February 5, 2006, Bennefield was taken to the prison infirmary. At the time of his visit, Inmate Bennefield stated: "I got into a fight with another inmate—my back hurt I got rods in my back." (Exhibit B-attachment) At no time did Bennefield state that he had been attacked by prison officials.

***This Court should enter a summary judgment for the Defendants because the Plaintiff's claims are not supported by sufficient evidence.***

Rule 56 of the Federal Rules of Civil Procedure, provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." When the movant makes a properly supported motion for summary judgment, the nonmoving party must provide specific facts showing the existence of a genuine issue of material fact for trial. *See* Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The nonmoving party may oppose the motion with any of the types of evidentiary materials

5

listed in Rule 56(c) of the Federal Rules of Civil Procedure, except for its pleadings. Celotex, 477 U.S. at 324. The nonmoving party may not rest merely on its pleadings in opposing the motion. *See* F.R.Civ.P. 56(e); Celotex, 477 U.S. at 324. Summary judgment is properly entered when the party who will bear the burden of proof at trial fails "to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. at 322.

As stated previously, Bennefield had a medical examination on February 5, 2006. Bennefield's medical examination failed to produce any evidence that he was maliciously beaten by prison officials. Because Bennefield has failed to produce evidence that Morris or O'Hara used excessive force with malicious intent, Bennefield's complaint is due to be DISMISSED.

### *Defendants Are Immune from Suit.*

To the extent that the Defendants are sued in their official capacity, they are immune from liability. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizenry. *See* Edelman v. Jordan, 415 U.S. 651, 663 (1974); Hans v. Louisiana, 134 U.S. 1, 13-15 (1890).

The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. *See* Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 101-02, 104 (1984). "For example, if a lawsuit

6

seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." Summit Medical Associates, P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State. Thus, the Defendants are absolutely immune.

In addition, the Defendants are protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998), *quoting* Lassiter v. Alabama A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc).

In this case, the Defendants were acting within their discretionary authority when they used force to detain Inmate Bennefield. *See* McReynolds v. Ala. Dept. of Youth Services, 2006 WL 821203, at *6 ("Courts afford prison administrators ' wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'") Because the alleged acts of the Defendants consisted of discretionary functions, and because the actions did not violate any clearly established constitutional or statutory rights, the Defendants are protected by qualified immunity. Wilson v. Blankenship, 163 F. 3d 1284 (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also* Pinkney v. Davis, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified

7

immunity). Because the Defendants are immune from suit, summary judgment should be entered in favor of the Defendants.

## **CONCLUSION**

WHEREFORE, the above-cited facts and law considered, the Defendants move this Honorable Court to DISMISS the Plaintiff's complaint.

>Respectfully Submitted,
>
>Troy King (KIN047)
>Attorney General
>
>
>*/s/Bettie J. Carmack*
>Bettie J. Carmack (CAR-132)
>*Assistant Attorney General*

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 2nd day of June, 2006, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

**Inmate Joseph Bennefield
AIS # 235865
Bullock State Prison
P. O. Box 5107
Union Springs, AL  36089**

/s/ *Bettie J. Carmack*
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Telephone: (334) 353-5305
Facsimile: (334) 242-2433