

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 JUN 29 A 9:49

JOSEPH BENNEFIELD #235865

    PLAINTIFF

VS.

① OFFICER DELARIUS O'HARA

② OFFICER NAKIA MORRIS

    DEFENDANTS

Civil Action No:
2:06-CV-307-MEF

## RESPONSE TO THE DEFENDANTS SPECIAL REPORT AND ANSWER TO THE PLAITIFFS COMPLAINT

COMES NOW the Plaintiff, JOSEPH BENNEFIELD by and through himself, and files this RESPONSE to the Defendants special report and answer to the Plaintiffs Complaint.

IN RESPONSE to the Defendant's Special Report and answer the Plaintiff states the following...

(1 of 19)

# ANSWER

1. The Special Report and Answer filed by the Defendants is not in complience with the order of this Honorable Court dated the 6th day of April, 2006 or in complience with the Federal Rules of Civil Procedure.

2. The Plaintiff shows strict proof of excessive force with malicious intent by the Defendants

3. The Defendants are not immune from this suit filed against them by the Plaintiff.

4. The Defendants Statements in their Sworn affidavits are false

## EXHIBITS

The Plaintiff submits the following exhibits:

1. Exhibit A - Affidavit of the Plaintiff Joseph Bennefield
2. Exhibit B - Affidavit of Earl Forte
3. Exhibit C - Affidavit of Alan d. Cole
4. Exhibit d - Affidavit of David Green
5. Exhibit E - Diagram of #4 dorm and the sceen where the beating took place; And the location of individuals involved in this Civil Action.

# PLAINTIFF'S ISSUE NO. 1

Whether the Defendants Special Report and Answer was in complience with the order of this Honorable Court and in complience with Rule 56 of the federal Rules of Civil Procedure.

## ARGUEMENT OF FACT AND LAW

This Honorable court ordered on the 6th day of April, 2006 that "A WRITTEN REPORT BE FILED BY THE DEFENDANTS WITH THE COURT **CONTAING THE SWORN STATEMENTS OF ALL PERSONS HAVING KNOWLEDGE OF THE SUBJECT MATTER OF THE COMPLAINT**" And Pursuant to Rule 56 of the Federal Rules of Civil Procedure statements Must be made under the Penalty of Perjury and documents must clearly be in an affidauit form **Pursuant** to the requirement of **28 U.S.C § 1746**

## STATEMENT OF FACT AND LAW

The Defendants where advised on the 6th day of April, 2006 through a court order by this Honorable Court the requirements of the Defendants in filing their Special report and answer to the complaint filed by the Plaintiff. And being that the Defendants

are represented by not just any counsel but the Attorney General. There is no excuse for failure to comply with the order of this Honorable Court or the Federal Rules of civil Procedure in which is the same guidelines the Plaintiff must comply with. The Non Moving Party May not merely rest upon his Pleading but must come forward with evidence supporting essential element of his claim. *See Celotex v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc. 477 U.S. 242 (1986); Barfield v. Brierton, 883 F. 2d 923 (11th Cir. 1989)* And this Evidence must be submitted in the proper form and **Pursuant to any court order, ordered and in Complience with the Federal Rules of Civil Procedure** Consequently, the Defendants in their Special report and answer failed to submit to this Honorable Court sworn affidavits from the following people who where either involved with the Subject Matter of the Plaintiffs complaint or who had knowledge of the Subject Matter of the Plaintiffs Complaint.

1. Officer Teresa maldon - Had Personal Knowledge of the Subject Matter of the Complaint; Also offered assistance in the Subject Matter of the Complaint

(4 of 18)

2. Officer Brian Thompkins - Had first hand Knowledge of the Subject Matter of the complaint And Personal involvement in the Subject Matter of the complaint.

3. Officer Kevin Jiles - Had first hand Knowledge of the Subject Matter of the complaint And Personal involvement in the Subject Matter of the complaint

4. Officer Miles - Had first hand Knowledge of the Subject Matter of the Complaint And Personal involvement in the Subject Matter of the complaint.

5. Sgt. Cedric Specks - The Officer in which Sprayed the Plaintiff after the Plaintiff Was handcuffed and also made intimidating Coments to Persuade Witnesses to remain Silent *See Exhibit (C) and Exhibit (D)*

6. Nurse Valerie Slater - Nurse who did the Plaintiffs bodychart and emergency Exam following the beating.

7. Inmates Earl Forte, Vaundus Dill, Kenneth Johnson, David Green Statements in which they gave the next day of the Excessive force with Malicious intent they witnessed by the Defendants towards the Plaintiff

8. I and I investigation Report done which

(3 of 19)

interviewed a select few of witnesses that
witnessed this excessive force aplied to the
Plaintiff by the defendants and also this
Investigation done by I & I includes pictures
of the Plaintiff that would reflect that
he was maliciously beaten by the defendants.

The only Statement in Sworn affidavit
form is from officer O'hare and officer
Morris the defendants themselues. The
only statements from officers Teresa R. Maldon,
Brian Thompkins and Kevin Jiles are statements
made in the incident report and no statements
from theese officers are in a sworn affidavit
form or made under the Penalty of Perjury.
and is not as required by the order of this
Honorable Court on the 6th day of April, 2006
or in Complience with the Federal Rules
of Civil Procedure Rule 56 And therefore
Should and cannot be Considered in any
Objection or Special Report Filed by the
Defendants. In light of this the Court must
View the Evidence in light of the Most
Favorable, the moving Party. The Plaintiff
request Summary Judgement in favor of
the Plaintiff on theese grounds.

(6 of 18)

# PLAINTIFFS ISSUE No. 2

Whether the defendants appied force in
an excessive manner maliciously and sadistically
for the very purpose of causing harm to
the plaintiff and in doing so the defendents
violated the plaintiffs 8 amendment constituting
Cruel and unusual punishment

## ARGUEMENT OF FACT AND LAW

In determining whether a particular infliction of
force upon an inmate is sufficiently severe to
constitute cruel and unusual punishment, court must
consider such factors as amount of force used
whether use of force was reasonable and justified
by circumstances see ISSAC V. Jones D.C. Ill. 1981, 529
F. supp. 175. the criteria used in determining
which assults against prisoners reach the magnitude
of a constitutional deprivation is whether the
complaint indicates that the prisoner has recieved
physical abuse that shocks and offends the
8th amendment of the u.s.c. and offends the
Courts sensibilities see Butler V. Bensinger, D.C.
Ill 1974 377 F. supp. 870 and Suits V. lynch, D.C.
KAN. 1977, 437 F. supp. 38 ; and Gates V. Collier D.C.
Miss 1972 349 F. supp 881 affirmed 489 F.2d 298

(7 of 18)

affirmed 501 F. 2d. 1291 amended on other grounds
390 F. Supp. 482; Bradley V. Haley Civil Action No. 92-A-70-N
U.S. District court (middle district of Alabama)

## STATEMENT OF FACT

On the 5th day of febuary, 2006 at approximatly 9:20am the following took Place which is supported by Exhibits (A)(B)(C)(D)(E) the Plaintiff was having a verbal disagrement with inmate Earl Forte in #9(nine) dorm. officers Morris and O'hara who where in the #9(nine) dorm cubical, came out of the cubical and approched the Plaintiff and inmate Forte and ordered that they stop argueing. Both the Plaintiff and Forte complied with this order For Some unknown reason officer Morris yelled "He tried to hit me" after officer Morris yelled this officer O'hara Picked the Plaintiff up in the air and threw the Plaintiff into the grill gate. once the Plaintiff landed on the floor in the grill gate officer O'hara began Kicking the Plaintiff in the head, face and body. At this time officer Morris was beating the Plaintiff with her metal baton in the head and body. officer O'hara Pulled out his metal baton and alternated by Kicking the Plaintiff in the face, head and body and striking

(8 of 18)

the Plaintiff in the head and body with his
metal baton. Inmate Earl Forte Stated to theese
officers while they where beating the plaintiff
that "He has rods in his back" officer o'hara
replied by saying "I don't give a fuck, I'm going
to kill this bitch" and kept beating the Plaintiff
At one Point while theese officers where beating
the Plaintiff officer Morris said "Let me hit the
bitch too" while the Plaintiff was being beaten
the Plaintiff was curled up in a fetal position
Screaming and begging officers o'hara and officer
Morris to stop beating him. No call for assistance
was ever made and officers responded because
of the screams of the Plaintiff because of
the pain he felt while being beaten. once other
officers arrived the Plaintiff was drug into
the hallway outside #9 dorm and handcuffed
while the Plaintiff was handcuffed lying
face down officer o'hara ran back over
to the Plaintiff and began kicking the Plaintiff
once again, untill officers Pulled officer
o'hara away from the Plaintiff to stop officer
o'hara from kicking the Plaintiff. Sgt. Specks
arrived on the scene and for unknown
reasons sprayed the Plaintiff in the face
with chemical spray after the Plaintiff was

(9 of 19)

escourted down the hallway Sgt. Specks
came into #9 dorm and made intimidating
comments to the approximatly 25-30 people
who witnessed this beating of the Plaintiff
by officers O'hara and morris in an attempt
to pursuade theese witnesses to remain silient

## PLAINTIFFS ISSUE NO.3

Whether the defendants are immune from
this suit filed by the Plaintiff.

## ARGUEMENT OF FACT AND LAW

There is overlap between our eighth (8) amendment
analysis and the qualified immunity elefense. A
finding of deliberate indifference is inconsistant
with a finding of good faith or qualified immunity
the two findings are mutually exclusive
"Those deliberatly indifferent to the
Plaintiffs rights could not show that they
had not violated established statutory or
constitutional rights of which any reasonable
person would have known" See Haygood V. Younger
718 F.2d. at 1483-84; Miller V. Solem 728 F.2d.
at 1025. And in reguards to the 11th amendment
(10 of 18)

OF the U.S.C. this amendment does not involve any denial to any Person of the equal Protection of the law See *Alabama V. Wolffe, CC Ala. 1883 18 F. 836.*

## ARGUEMENT

As reflected in the *Exhibits (A)(B)(C)(D)* the defendants Violated Constitutional rights and Statutory rights of the Plaintiff in which anyone with reasonable thought would Know they where Violating at the time of their Conduct of the issue. See *Davis V. Scherer 468 U.S. 104 S.ct. 3012, 3021, 82 L.Ed. 2d 139 (1984)* Which in this Case Was the beating of the Plaintiff Maliciously and Sadistically by the Defendants. Which any one would Know they where Violating at the time of Commiting this malicious act there fore a finding of Good faith or qualified immunity is inconsistent Considering the deliberate indifference Shown by the Defendants

NOTE:
The Plaintiff ask this Honorable Court to take into Consideration that he is not an attorney See *Haines V. Kerner, 404 U.S. 519, 520-21 (1972)*

(11 OF 18)

# PLAINTIFFS ISSUE NO. 4

The statements made in the Defendants Sworn affidavits included in their Special report are inconsistant and false and do not in any way reflect the statements of witnesses in their Sworn affidavits in which the Plaintiff Submits with his response to the defendants Special report and answer.

## STATEMENT OF FACT

Officer O'hara States in his Sworn affidavit that "I officer Delarius O'hara, responded to an emergency Call made by officer Nakia morris, when I arrived on the scene"

## ARGUEMENT

Officer O'hara was in # 9 (nine) dorm with officer Nakia Morris Prior to this incident ever taking Place for at least 30 minutes Sitting in the Cubical in # 9 (nine) dorm SEE Exhibits (A), (B) (C) (D). only Feet away from where the arguement of the Plaintiff and Earl Forte occured SEE Exhibits (A), (B), (D) (E) officer O'hara and officer

(12 of 18)

morris where holding hands, talking and having romantic involvement with each other *See Exhibits (A) (B) (C)* So officer O'hara never had to respond to an emergency call made by officer morris because he was on the sceen already. The fact is officer O'hara was off his assigned Post for at least 30 minutes talking and holding hands with officer morris while sitting in the # 9 (nine) dorm cubical. This false statement of officer O'hara is clearly a desparate attempt to cover up that **(1)** no call for assistance was ever made **(2)** He was off his assigned Post for thirty (30) minutes sitting in # 9 (nine) dorm cubical **(3)** He was having romantic involvement with officer Morris while on the Job, during work hours and while sitting in # 9 (nine) dorm cubical, far away from his assigned Post.

## STATEMENT OF FACT

officer O'hara states in his sworn affidavit that "Inmate Bennefield reached back and attempted to Punch officer Morris in her face, I grasped Inmate Bennefield"

# ARGUEMENT

The Plaintiff, Joseph Bennefield never attempted to Punch officer morris. The Plaintiff Never Showed any type of aggression towards anyone SEE Exhibits (B),(D) this statement made is merly an attempt to excuse or Cover the fact that force was aplied when force wasn't needed.

# STATEMENT OF FACT

officer O'hara states in his sworn affidavit that "I grasped Inmate Bennefield by his shirt, Inmate Bennefield began Kicking and Screaming"

# ARGUEMENT

officer O'hara did not grasped the Plaintiff by his shirt, he Picked the Plaintiff up into the air and threw the Plaintiff into the grill gate from where the Plaintiff Was Standing See Exhibits (A),(B),(C)(E) Now grasping the Plaintiff by his shirt and launching the Plaintiff through the air into a metal grill gate is in no way similar nor can it be Confused. And it was only at the time after the Plaintiff landed

(14 of 18)

On the floor and theese officers, O'hara and morris started maliciously beating the Plaintiff that the Plaintiff screamed as anyone would do if they where being maliciously beaten by someone. But at no time was the Plaintiff kicking. See Exhibits (A),(B),(C),(D)

## STATEMENT OF FACT

Officer Morris states in her sworn affidavit that "while roving dormitory #9 I observed"

## ARGUEMENT

Officer morris was sitting down in the #9(nine)dorm cubical having a romantic encounter with officer O'hara for at least 30 minutes See Exhibits (A)(B)(C) (D),(E) Now in no way is that roving dormitory #9 Officer Morris roving dormitory #9 would be making rounds and securing the dormitory which is impossible to do sitting in the cubical for 30 minutes talking and having a romantic encounter with another officer And focusing her attention towards a single individual makes it almost impossible to observe anything or anyone

(15 of 18)

## STATEMENT OF FACT

Officer Morris states in her sworn affidavit that "I called for assistance, via radio advising Sgt Cedric Specks and all units, officer Delarius O'hara arrived on the Scene to assist me"

## ARGUEMENT

Officer Morris never made the standard call for assistance, because assistance was never needed. other officers did not respond untill they heared the screams of the Plaintiff and located where the Screams where comming from. And when one of the officers finally did locate the Screams being made by Bennefield as he was being maliciously beaten, thats when one of those officers made a call for assistance. And officer O'hara never had to arrive on the Scene because officer O'hara was not only in the #9 dorm cubical having romantic involvment with officer Morris 30 minutes Prior to this incident between Bennefield and inmate Earl Forte. But was there at the time the arguement between Bennefield and Forte began **see Exhibits (A) (B) (C) (D)**

(16 of 19)

# STATEMENT OF FACT

Officer Morris States in her Sworn affidavit that "Inmate Bennefield resisted and began to Kick, I then drew my baton and struck Inmate Bennefield on the buttock and thigh"

## ARGUEMENT

*The Plaintiff at any Point never resisted* see *Exhibits (A), (B)* (D) and officer Morris Struck the Plaintiff after officer O'hara threw the Plaintiff into the grill gate And officer Morris did not Just Strike the Plaintiff one time on the buttock and thigh officer Morris was stricking the Plaintiff in the head and all over his body maliciously *See Exhibits (A)(B)(C)(D)*

# STATEMENT OF FACT

Officer Morris States in her Sworn affidavit that "Sgt. Specks... delivered a (1)... Second burst of a Chemical agent to the facial area of Inmate Bennefield"

# ARGUEMENT

After Sgt Specks arrived the Plaintiff had already been maliciously beaten by officers O'hara and Morris and was lying face down, already handcuffed there was no need for a first burst much less a Second burst of

(17 of 18)

a chemical agent because there was never any type of resistance or aggression being attempted by the Plaintiff See Exhibit's (A)(B)(D)

## CONCLUSION

The Plaintiff has established a genuine issue of material fact of the excessive force aplied against him maliciously and Sadistically, for the very purpose of causing the Plaintiff harm. And the Plaintiff has met the burdon of Proof to establish his Prima facie entitlement to Summary Judgement by showing that he is due to Prevail as a matter of law. See Clark V Coats & Clark, INC, 929 F.2d 604 (11th Cir. 1991) However, the defendants which cannot rest merely upon their Pleading did not come forward with the Sufficient evidence supporting the essential elements of their Claim. See Celotex Corp. V. Catrett, 477 U.S. 317 (1986); Barfield V. Brierton, 883 F.2d 923 (11th Cir. 1989) and all other issues of Fact become inmaterial and the Plaintiff is entitled to Judgment as a matter of law See Celotex Corp. V Catrett 477 U.S 317 (1986); Bennett V. Parker, 898 F.2d 1530 (11th Cir. 1990) WHEREFORE, the above cited facts and law considered the Plaintiff Respectfully moves this Honorable Court to enter Summary Judgement In favor of

(18 of 19)

the Plaintiff And after summary Judgement is entered
in Favor of the Plaintiff, The Plaintiff respectfully
request this Honorable court to award a unspecified
amount of money to the Plaintiff for Pain and
suffering, mental anguish and neglience of the
Defendants as this Honorable court deem Fit and
Fair to award to the Plaintiff

RESPECTFULLY SUBMITTED
JOSEPH BENNEFIELD #235865
Bullock State Prison
Unionsprings, AL 36089

JOSEPH Bennefield

Swarn and subscribed before me this 21st day of JUNE,
2006.

_Rane C. Anthony_
NOTARY PUBLIC
NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES:  Mar 18, 2007

My Commission Expires: _____

(19 of 19)

# CERTIFICATE OF SERVICE

I JOSEPH BENNEFIELD hereby certify that I have this 27th day of JUNE, 2006 filed a copy of the foregoing document entitled "Response to the Defendants Special Report and answer" with the UNITED STATES DISTRICT COURT And Provided a copy to the Defendants Attorney Bettie J. Carmack at the office of the Attorney General 11 South Union Street Montgomery, ALABAMA 36130 by placing both copies in the UNITED STATES mail box at the BULLOCK STATE PRISON in UNION SPRINGS, ALABAMA 36089 Postage Pre-Paid.

JOSEPH BENNEFIELD
#235865
BULLOCK STATE PRISON
P.O. BOX 5107
UNION SPRINGS, AL
36089

With my Signature I state the above is true under the Penalty of Perjury...

x JOseph Bennefield